ROSS OLIVER ARROWSMITH, Respondent, v. BANKERS CASUALTY COMPANY, of Minneapolis, Minnesota, a Corporation, Appellant.

(175 N. W. 207.)

**Insurance — accident insurance — conflict as to payment of premium and date of accident.**

In this case the evidence is examined and *held* to sustain the verdict.

Opinion filed October 28, 1919.

This is an appeal from the District Court of Hettinger County. Affirmed.

*E. T. Burke* and *Jacobson & Murray,* for appellant.

*M. S. Odle,* for respondent.

The holder of a check is bound to use due diligence in obtaining the money, and must present it and demand payment within a reasonable time. 5 R. C. L. 506, § 30.

"The acceptance of a check implies an undertaking of due diligence in presenting it for payment; and if the party from whom it is received sustains loss by want of such diligence, it must be held to operate as actual payment." 5 R. C. L. 501, § 25.

ROBINSON, J. In cranking a Ford automobile the insured sustained a fracture of his right arm just above the wrist. The jury assessed his damages at $225, and defendant appeals.

On May 10, 1916, defendant made to the plaintiff an accident insurance policy. He paid: Insurance fee, $4; first-year premium, $27.50; second-year premium, $27.50.

The suit arises on a question concerning the date of the injury and the date of the last payment, which was made by check dated October 28, 1917. The check was marked paid December 10, 1917. The cashier of the company testifies that according to its books the check was received on November 28, 1917. The plaintiff testifies that at Mott, North Dakota, he mailed the check to plaintiff at Minneapolis, on or about the date of the same.

The first proof of the accident as written by plaintiff's physician shows it occurred on December 2, 1917. It shows that he treated the plaintiff six times; namely, December 3, 4, 6, 8, 12, and 16. That proof was made on December 19, 1917. Then on February 19, 1918, a final proof was made, giving the date of the accident as November 25, 1917; that proof was followed in the complaint made on May 1, 1918. Most people have a poor memory of dates, and in general there is no reason for remembering dates. In this case it seems that the jury concluded that the correct date of the accident was December 2, 1917, the date given in the first proof of loss. The jury had evidence sufficient to sustain a conclusion that the check for $27.50 was received prior to November 25, 1917. Certain it is the check was received and used, and no offer was made to return either the check or the money received on it.

The defense was conducted on the theory that the plaintiff was bound by the date of the accident as alleged in his complaint and that the check had not been received prior to that time, but on each point there is ample evidence to sustain the verdict. The jury had a right to conclude that the accident occurred on December 2d, and that the check was mailed to and received by defendant long prior to the accident.

Affirmed.